IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| YANEL GREENE,          : | |
|     Petitioner          : | |
|                   : | No. 1:22-cv-01726 |
|     v.          : | |
|                   : | (Judge Kane) |
| STEPHEN SPAULDING,          : | |
|     Respondent          : | |

**MEMORANDUM**

Before the Court is a habeas corpus petition filed under 28 U.S.C. § 2241 through which Petitioner Yanel Greene ("Greene") seeks earned time credit towards his sentence pursuant to the First Step Act ("FSA"). For the reasons discussed below, the Court will dismiss the petition without prejudice for failure to exhaust administrative remedies.

**I.   BACKGROUND**

Greene is currently incarcerated by the United States Bureau of Prisons ("BOP") in Lewisburg United States Penitentiary ("USP-Lewisburg"). He is serving a 96-month sentence imposed by the United States District Court for the District of Maine for conspiracy to distribute controlled substances and possession of a controlled substance with intent to distribute. (Doc. No. 6 at 2.)

Greene filed the instant petition on October 8, 2022, and the Court received and docketed the petition on October 31, 2022. (Doc. No. 1 at 1.) Greene asserts the BOP has failed to credit him with earned time credit pursuant to the FSA and seeks a writ of habeas corpus compelling the BOP to provide such credit. (Id.) He argues that exhaustion of administrative remedies is unnecessary because his claim presents a matter of statutory construction. (Id.)

Respondent, the warden at USP-Lewisburg ("Respondent"), responded to the petition on November 21, 2022. (Doc. No. 6.) Respondent argues that the petition should be dismissed for

failure to exhaust administrative remedies.  (Id.)  Greene filed a reply brief on December 8, 2022, in which he argues that exhaustion should be excused because he would be irreparably harmed if he were required to complete the administrative exhaustion process.  (Doc. No. 8.)  The petition is ripe for review.

## II.     DISCUSSION

28 U.S.C. § 2241 does not contain an explicit statutory exhaustion requirement, but the United States Court of Appeals for the Third Circuit has consistently required a petitioner to exhaust his administrative remedies before filing a Section 2241 petition.  See Moscato v. Fed. Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996).  Exhaustion is required "for three reasons: (1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy."  See id. at 761-62 (citing Bradshaw v. Carlson, 682 F.2d 1050, 1052 (3d Cir. 1981)).  Exhaustion is not required when it would not promote these goals, such as when it would be futile.  See, e.g., Woodall v. Fed. Bureau of Prisons, 432 F.3d 235, 239 n.2 (3d Cir. 2005).

The BOP has a multi-step administrative remedy program allowing an inmate "to seek formal review of an issue relating to any aspect of his/her own confinement."  See 28 C.F.R. § 542.10(a).  First, an inmate should attempt informal resolution of the issue with the appropriate staff member.  See id. § 542.13(b).  If informal resolution is unsuccessful, the inmate may submit a formal written grievance, using the BP-9 form, to the warden within 20 calendar days "following the date on which the basis for the Request occurred."  See id. § 542.14(a).  The warden is to respond to the request within 20 calendar days.  See id. § 542.18.  An inmate dissatisfied with the warden's response may appeal, using the BP-10 form, "to the appropriate

Regional Director within 20 calendar days of the date the warden signed the response." See id. § 542.15(a). Finally, an inmate may appeal the Regional Director's response, using the BP-11 form, to the BOP's General Counsel "within 30 calendar days of the date the Regional Director signed the response." See id. The General Counsel's response is due within 40 calendar days; however, the time period for response may be extended by 20 days. See id. § 542.18.

In this case, Respondent contends that Greene failed to exhaust administrative remedies because he has not filed any administrative remedy requests in his time in BOP custody. (Doc. No. 6.) Respondent attaches a declaration from Joshua Bower, an attorney at USP-Lewisburg, which corroborates Respondent's contention that Greene has failed to exhaust administrative remedies. (Doc. No. 6-1 at 1-2, 11.)

The Court agrees with Respondent that Greene has failed to exhaust administrative remedies. The record reflects that Greene failed to file any administrative remedy requests to assert his claim. See (id.). Greene argues to the contrary that exhaustion should be excused because his claim presents a matter of statutory interpretation and because he will be subjected to irreparable harm if he is required to complete the administrative program. (Doc. Nos. 1, 8.)

Greene's arguments are unavailing. First, contrary to his argument, his claim is not a matter purely of statutory interpretation but rather a request for the BOP to provide a specific number of earned time credits. Exhaustion is not excused for such a claim. See, e.g., Powell v. Christensen, No. 3:22-cv-01985, 2023 WL 2060712, at *2 (M.D. Pa. Feb. 16, 2023); Johnson v. Spaulding, No. 3:22-cv-01658, 2023 WL 122911, at *2 (M.D. Pa. Jan. 6, 2023). Second, although irreparable harm may be a basis for excusing administrative exhaustion, see Brown v. Warden Canaan USP, 763 F. App'x 296, 297 (3d Cir. 2019), the only irreparable harm Greene advances is that denial of his claim at the administrative level would result in him being released

3

later than the date he would be entitled to release if he were granted FSA credits. (Doc. No. 7.) Greene has not alleged any facts to show that the BOP's administrative remedy program would be inadequate to adjudicate his claim for FSA credits, and a petitioner's belief that exhaustion will be unsuccessful is not sufficient to excuse exhaustion. See <u>Powell</u>, 2023 WL 2060712, at *2; <u>Johnson</u>, 2023 WL 122911, at *2. The Court accordingly finds that Greene has failed to exhaust administrative remedies.

### III.   CONCLUSION

For the foregoing reasons, the Court will dismiss Greene's petition for writ of habeas corpus without prejudice for failure to exhaust administrative remedies. An appropriate Order follows.